UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 1:22-CR-00083-02 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| MARISEL TORO, | : | |
| Defendant | : | (Electronically Filed) |

## GOVERNMENT'S SENTENCING MEMORANDUM

AND NOW, the United States of America, by Bruce Brandler, Assistant United States Attorney for the Middle District of Pennsylvania, hereby files this Sentencing Memorandum as an aid to the Court in the sentencing of the defendant, Marisel Toro (hereinafter "Toro"), currently scheduled for March 26, 2024.

## PROCEDURAL HISTORY

Toro was indicted on March 3, 2022, and charged with Production of Images Containing the Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a) (Counts 2, 3, 5, 8, and 10) and Conspiracy to Produce Images Containing the Sexual Exploitation of a Child, in

violation of 18 U.S.C. § 2251(a) and (e) (Count 16).[1] (Doc. 1). On August 31, 2023, Toro pled guilty to Count 2 pursuant to a written plea agreement whereby the United States agreed to dismiss the remaining counts of the Indictment after sentencing, recommend a reduction for acceptance of responsibility if warranted, and make a sentencing recommendation it considers appropriate up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.[2] (Docs. 67 and 74). The minimum mandatory sentence under Count 2 is 15 years' imprisonment with five years' supervised release and the maximum term of imprisonment is 30 years' imprisonment.

The final Presentence Report (hereinafter "PSR") with an Addendum was filed on December 7, 2023. (Docs. 104 and 105). The PSR calculated the applicable guideline imprisonment range at 360

---

[1] Toro was indicted along with her boyfriend Wyatt Andrew Jones (Jones). Jones was sentenced on October 31, 2023, to serve 540 months' imprisonment, pay $36,000 in restitution, and $200 in special assessments. (Doc. 89).

[2] As part of the plea agreement Toro stipulated that she committed all of the child exploitation offenses in the Indictment that she was charged with and that the sentencing guidelines would be calculated as if she had pled guilty to each of those counts. Plea Agreement, ¶ 13 (Doc. 67).

months' imprisonment with at least five years of supervised release. PSR ¶¶ 97, 99. The PSR further stated that Toro faces a minimum term of imprisonment of 15 years with a maximum term of 30 years as a result of her guilty plea on Count 2. PSR ¶ 96.

As reflected in the Addendum to the PSR, there are two objections to the guideline calculation, but neither would impact the calculated guideline range of 360 months' imprisonment. PSR ¶ 73. Toro first argues that a 4-level enhancement under USSG § 2G2.1(b)(1)(A) (child under 12) is not warranted because all of the images related to production involve the same victim, an infant, for whom an enhancement of 4-levels was calculated pursuant to USSG § 2G2.1(b)(4) (infant or toddler). As support, Toro argues that this objection was sustained in her co-defendant's case and to be consistent her objection should be sustained as well. Although the Government argued that the objection should be overruled in the co-defendant's case, we agree that it should be sustained here to provide consistency among similarly situated defendants.

Toro also argues that she is unable to pay a fine because she is indigent. The Government agrees with the probation officer that she

should be able to pay a minimal fine under the circumstance of this case.

**FACTS**

The facts of this case are accurately stated in the PSR. PSR ¶¶ 3-49. In sum, Toro repeatedly allowed her boyfriend to sexually abuse their infant daughter, produce sexually explicit videos of the abuse, and distribute the videos to others for sexual gratification. Toro admitted that she not only participated in these acts but that she also knew that the videos were being shared over the internet and that she came up with some of the ideas of what Jones would do to their daughter. PSR ¶ 8.

**THE GOVERNMENT'S SENTENCING RECOMMENDATION**

District courts engage in a familiar three-step process when sentencing criminal defendants:

> A district court must begin the process by first calculating the applicable sentencing guidelines range. After that initial calculation, the court must then rule on any motions for departure, if a motion is granted state how the departure affects the guidelines calculation. Finally, after allowing the parties an opportunity for argument, the court must consider all of the § 3553(a) factors and determine the appropriate sentence to impose, which may vary from the sentencing range called for by the guidelines.

*United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

The PSR calculated the applicable guideline range at life based upon a total offense level of 43 and a criminal history category of 1. PSR ¶ 97. The statutory maximum, however, is 360 months. Thus, the guideline term of imprisonment is 360 months' imprisonment. *Id.* As stated above, there is one outstanding objection but it will have no impact on the overall guideline range.

At step two, neither party has requested a departure.

At step three, the Court is to consider the 18 U.S.C. § 3553(a) factors and any variances from the guideline range that may be appropriate.

The crime for which Toro is to be sentenced is extremely serious. Even in the context of child exploitation offenses, which are some of the most serious offenses carrying the most severe penalties in the federal criminal code, Toro's conduct is on the outer end of the spectrum of egregious conduct for such offenders. The fact she repeatedly allowed her boyfriend to sexually abuse their infant daughter, starting when the infant was only 3 days old, and not only participated in the abuse but came up with some of the ideas, puts this case in a category requiring

severe punishment. There are, however, mitigating factors that warrant a downward variance.

Under the sentencing statute, the sentence to be imposed needs to reflect the seriousness of the offense, promote respect for the law, provide for just punishment, deter others from engaging in similar conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). In normal circumstances, the Court should sentence Toro within the applicable guideline range, "…unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b)(1).

Toro has not filed a sentencing memorandum but in her objections to the PSR she stated that a downward variance was appropriate due to the sexual abuse she suffered as a minor and by Jones and due to an impaired mental condition when the criminal activity occurred. In the

Government's view, Toro's mental status and the abuse she allegedly suffered as a minor and from Jones are relevant factors to consider in imposing a just sentence. With respect to her mental status, the psychological evaluation dated March 16, 2023, authored by Steven Erickson (attached to the Addendum) indicates that she meets the diagnostic criteria for dependent personality disorder which is characterized by "a high level of anxiety based on a long-standing fear of disapproval by others and a lack of self-esteem." Erickson's Report, p. 4. He goes on to state that it appears that Toro's shy and dependent personality substantially contributed to her offense conduct. *Id.*, p. 9. He also opines that her conduct was not driven by her own deviant sexual interests and thus, her risk of sexual recidivism is low and can be managed with intense mental health treatment.

With respect to the sexual abuse she allegedly suffered as a child and from Jones, we also agree that this is a mitigating factor, although not as weighty as her dependent personality disorder. Notably, Toro reported to Erickson that apart from their sexual activity, Jones did not engage in any physical aggression towards her and was kind and compassionate with her. *Id.*, p. 4.

## CONCLUSION

Based on the above, the United States recommends that the Court sentence Toro to a term of 180 months' imprisonment, with five years' supervised release, a minimal fine, and a $100 special assessment.

Respectfully submitted,

GERARD M. KARAM
United States Attorney

Dated: February 29, 2024

By: /s/ Bruce D. Brandler

BRUCE D. BRANDLER
Chief, Criminal Division
Assistant United States Attorney
PA 62052
1501 N. 6th Street, Box 202
Harrisburg, PA 17102
Phone: (717) 221-4482
bruce.brandler@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on February 29, 2024, the foregoing document was served on counsel for the Defendant through electronic case filing, addressed to the following:

John F. Yaninek, Esq.
jfyaninek@mdwcg.com

/s/ Bruce D. Brandler
BRUCE D. BRANDLER
Chief, Criminal Division
Assistant United States Attorney