IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Crim. No. 1:22-CR-83 |
| v. | : |
| | : Judge Christopher C. Conner |
| MARISEL TORO, | : |
|     Defendant | : |

### DEFENDANT, MARISEL TORO'S SENTENCING MEMORANDUM

AND NOW, comes Defendant, Marisel Toro, by and through her CJA appointed Counsel, John F. Yaninek, of Marshall Dennehey, PC and submits the following Sentencing Memorandum.

**I.    INTRODUCTION**

Defendant, Marisel Toro was indicted on March 3, 2022 and charged with Production of Images Containing the Sexual Exploitation of a Child in violation of 18 U.S.C. §2251 (a) (Counts II, III, V, VIII, and X) and Conspiracy to Produce Images Containing the Sexual Exploitation of a Child, in violation of 18 U.S.C. §2251 (a)(e) (Count XVI) (Doc. 1). On August 31, 2023, Defendant Toro pled guilty to Count II pursuant to a written plea agreement whereby the United States agreed to dismiss the remaining counts of the Indictment after sentencing, recommending a reduction for Acceptance of Responsibility is warranted, and making it a sentencing recommendation it considers appropriate up to and including the maximum sentence

of imprisonment and fine allowable, together with cost of prosecution. (Docs. 67 and 74). The minimum mandatory sentence under Count II is 15 years imprisonment with 5 years supervised release and a maximum imprisonment is 30 years.

The final Presentence Report addendum was filed on December 7, 2023. (Docs. 104 and 105). The PSR calculated the applicable guideline range of 360 months imprisonment with 5 years of supervised release. PSR ¶¶ 97-99. The PSR further stated that Toro faces a minimum term of imprisonment of 15 years with a maximum of 30 years as a result of her guilty plea on Count II. PCR ¶96. There were two objections to the guideline calculation, the first was related to a four level enhancement under USSG §2G1.1 (b)(1)(A) not being warranted. It was argued that the same objection was sustained in her co-Defendant's case. The Government agrees that this objection should likewise be sustained in this case for consistency.

The second objection Toro argues that she is unable to pay a fine because she is indigent. The Court should make a finding that she is indigent.

Finally, a downward variance was requested based on Toro's psychological status with a dependent personality disorder and how her paramour, Co-Defendant Jones, abused her sexually and emotionally. It is clear that Toro's participation in these terrible crimes did not originate from her own sexual deviance or desires.

## II. FACTS

The facts surrounding this case are significantly troubling. Defendant Toro repeatedly allowed her boyfriend to sexually abuse their infant, produce sexually explicit videos of the abuse and distribute the abuse on the internet. Toro admitted that she was involved in this conduct from the very beginning when being interviewed by state law enforcement at the time of her arrest. Much later, she also agreed to a voluntary interview as part of a proffer session with federal law enforcement authorities. A second interview was then done following her indictment with the cooperation of defense counsel.

Defense counsel petitioned this Court for resources to retain Steven K. Erickson, JD, PhD, LLM, ABPP for a psychological assessment of Defendant Toro. Dr. Erickson was privy to the law enforcement investigation, medical records, charges. He conducted his own interview and testing of Defendant Toro.

Dr. Erickson's conclusions indicated that, "In terms of public safety, however, significant research has shown that sexual recidivism is unaffected by the victim's age and is substantially lower for people whose only contact defense involves a family member. Moreover, it is likely that given her passive personality, Ms. Toro would comply with the conditions of community supervision if and when the opportunity arises. Additionally, given Ms. Toro's age, a prolonged incarceration

might exacerbate her dependent personality, given the institutionalizing effects and could undermine rehabilitative efforts.

Dr. Erickson's report has been shared with the United States and US Probation for a significant time. It is noted that the United States relied on Dr. Erickson's professional expertise in evaluating the recommendation it has made to the Court, a sentence of 180 months imprisonment, 5 years supervised release, minimum fine, and a $100 special assessment.

Based on the fact that this sentence is the mandatory minimum sentence that the Court can impose, the Defense supports this recommendation. Defense understands that despite providing the proffer in the case, it is likely that most of the information provided to the Government did not amount to substantial assistance where the Defendant would qualify for a recommendation to go below the mandatory minimum sentence.

One of Toro's objections for the Presentence Report requested a downward variance due to the sexual abuse she suffered as a minor coupled with sexual abuse of her Co-Defendant Jones and due to her impaired mental condition when the criminal activity occurred. Defense concurs and the Government's Sentencing Memorandum indicating that Toro's mental status and abuse she suffered as a minor and from Jones are relevant factors to consider imposing a just sentence. The Government also cited Dr. Erickson's report related to her dependent personality

disorder, her shy demeanor and the fact that her conduct was not driven by her own deviant sexual interests. Dr. Erickson opined that her risk of recidivism is low and can be managed with intense mental health treatment.

It is noteworthy that Toro's child was well nourished and cared for which indicates that the sexual exploitation, was rooted in her Co-Defendant paramour's sexual perversion. Finally, Jones admitted to being the primarily responsible for orchestrating the abuse of their daughter in his statement to the court during his sentencing.

### III. <u>CONCLUSION</u>

Based on the above and with concurrence with the United States, Defendant recommends that the Court sentence Toro to a term of 180 months imprisonment, 5 years supervised release, a minimum fine and $100 special assessment.

                                        Respectfully submitted,

                                        **MARSHALL DENNEHEY, PC**

                                        */s/ John F. Yaninek*
                                        _____
                                        John F. Yaninek, Esquire
                                        ID #55741
                                        200 Corporate Center Drive, Suite 300
                                        Camp Hill, PA 17011
                                        jfyaninek@mdwcg.com

Date: <u>3/1/2024</u>

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:22-CR-83 |
| | : | |
| v. | : | |
| | : | Judge Christopher C. Conner |
| MARISEL TORO, | : | |
|         Defendant | : | |

## CERTIFICATE OF SERVICE

I, John F. Yaninek, Esquire, do hereby certify that I electronically served via ECF Filing a copy of Defendant's Sentencing Memorandum on the following, via ECF Filing:

Bruce Brander, Esquire
Chief, Criminal Division
United States Attorney's Office
Middle District of Pennsylvania
228 Walnut Street | Suite 220
P.O. Box 11754
Harrisburg, PA 17108
paul.miovas@usdoj.gov

**MARSHALL DENNEHEY, PC**

_____
John F. Yaninek, Esquire
ID #55741
200 Corporate Center Drive, Suite 300
Camp Hill, PA 17011
jfyaninek@mdwcg.com

Date: 3/1/2024